Gloria PRICE, et al., Plaintiffs,

v.

**UNITED STATES NAVY,**
**et al., Defendants,**

**and Related Counter–Actions.**

No. 89–1526–IEG (CM).

United States District Court,
S.D. California.

Dec. 4, 1992.

See also 818 F.Supp. 1322.

John H. Reaves, Law Offices of John H. Reaves, San Diego, CA, for plaintiffs.

David M. Thompson, U.S. Dept. of Justice, Washington, DC, Beth L. Levine, Office of the U.S. Atty., San Diego, CA, and David W. Zugschwerdt, U.S. Dept. of Justice, Washington, DC, for defendant U.S. Navy.

Shawn F. Kelly, Law Offices of Shawn Kelly, San Diego, CA, for defendant Michael Moses.

Harry Moses in pro per.

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND AFFIRMING JUDGMENT ON PARTIAL FINDINGS

GONZALEZ, District Judge.

On October 22, 1992, the United States brought a motion for judgment on partial findings pursuant to Rule 52(c) of the Federal Rules of Civil Procedure. Rule 52(c) provides as follows:

"... If during a trial without a jury a party has been fully heard with respect to an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party on any claim, ... that cannot under the controlling law be maintained or de-

feated without a favorable finding on that issue, ... such a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule [Rule 52]."

The court granted the motion of the United States and dismissed count two of plaintiffs' complaint, that is plaintiffs' claim under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901–6992k.

On October 23, 1992, plaintiffs asked this court to reconsider its ruling and the United States has responded to plaintiffs' motion for reconsideration of dismissal. After having reviewed the memoranda submitted by counsel in support of their respective positions and again having considered the testimony and evidence, the court makes the following findings of fact and conclusions of law.

■■■ No special inferences are to be made by the court in plaintiffs' favor in ruling upon a motion to dismiss pursuant to Rule 52(c) of the Federal Rules of Civil Procedure.[1] *Stone v. Millstein,* 804 F.2d 1434, 1436–37 (9th Cir.1986). The court should grant the motion if it becomes apparent that plaintiff has failed to carry an essential burden of proof.

Plaintiffs, in their motion for reconsideration, make the same arguments which the court considered at the time it ruled on defendant's motion for judgment on partial findings.

In the second claim of their first amended complaint, plaintiffs seek an injunction under RCRA, 42 U.S.C. § 6972(a)(1)(B), which would require the United States to remove contamination from their property.

■■■ The citizen suit provision of RCRA provides, in pertinent part, that

(a) ... any person may commence a civil action on his own behalf ...

(1) ...

(B) against any person including the United States ... who has contributed or who is contributing to the past or present ...

---

1. On December 1, 1991, Rule 52(c) replaced part of the former Rule 41(b) of the Federal Rules of Civil Procedure. It is apparent to the court that the same standard for dismissing pursuant to former Rule 41(b) is to be applied in determining a motion for judgment on partial findings under new Rule 52(c).

transportation or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment ...

... The district court shall have jurisdiction ... to order such person to take such other action as may be necessary ...

The court agrees with the defendant that the language of the statute implies that there must be a threat which is present *now,* although the impact of the threat may not be felt until later. The court also agrees that the endangerment must be substantial or serious and that there must be some necessity for the action.

Witnesses who were employees of the State of California, Mr. Vitale and Mr. Scandura, as well as Dr. Levy, the State's toxicologist, agreed that for an imminent and substantial endangerment to exist (1) there must be a population at risk, (2) the contaminants must be listed as hazardous waste under RCRA, (3) the level of contaminants must be above levels that are considered acceptable by the State, and (4) there must be a pathway of exposure.

█ There is no dispute that 6025 Edgewater is in a residential neighborhood. Although asbestos was found on the site, it was the presence of hazardous levels of lead at 6021 and 6025 Edgewater that caused State officials to be concerned. Moreover, lead rather than asbestos is a listed contaminant under RCRA.

The State invested more than $300,000.00 to perform a cleanup of the properties located at 6021, 6025, 6035 and 6045 Edgewater. Soil from the front and back yards at 6025 Edgewater was removed to a depth of three feet and replaced with clean fill. Additionally, the side yards were capped with concrete. The purpose of the cleanup was to eliminate the only possible pathway to exposure-ingestion since there was no threat of migration of contaminants through ground or surface water or air.

Although the State found lead contamination in the back yard and asbestos contamination in the front yard at 6021 Edgewater (Exhibits 34 and 35), tests revealed no significant hazardous contamination beneath the foundation at that address. No testing of the soil underneath the foundation at 6025 Edge-

water was performed. The fact that plaintiff Price observed the same sort of debris under the 6021 Edgewater house as under the 6025 Edgewater home does not lead to the logical conclusion that there is contamination under the 6025 residence. Rather, the opposite conclusion can be drawn. Moreover, there was no testimony presented regarding interpolations or presumptions as to levels of possible hazardous contamination under the house at 6025 Edgewater.

Prior to the cleanup, the State determined that soil under the homes at the site or beneath cement or asphalt posed no threat to public health or the environment and would be left undisturbed (Exhibit AL). Witnesses for the State testified that concrete slab foundations and driveways act as effective barriers or caps to any possible contamination (Vitale and Scandura testimony). The State's toxicologist, Dr. Levy, agreed that a concrete barrier blocks the only pathway to lead contamination.

Although Mr. Vitale and Mr. Scandura testified that contaminants probably remain underneath the home at 6025 Edgewater, they both agreed that there is no imminent and substantial endangerment at the present time because of the concrete barriers. Moreover, the State certified that all appropriate response actions had been completed and that no further removal/remedial action is necessary (Exhibit 31).

Under RCRA, the court has jurisdiction "to restrain" or to order "such other action as may be necessary" or "both". In other words, the court can grant affirmative relief, if necessary, to abate an imminent and substantial endangerment. Here, plaintiffs have failed to meet their burden that an imminent and substantial endangerment to health or environment presently exists.

Plaintiffs argue that necessity is not a requirement for this court to order abatement under RCRA. Plaintiffs rely on testimony that there continues to be contamination underneath the foundation and that plaintiffs cannot make repairs, renovations or upgrades without disturbing the concrete slabs and causing a release. This would also constitute a violation of the deed restrictions.

The court is not convinced that, even if contaminants remain beneath the house, that the levels of contaminants are hazardous. In addition, repairs and/or renovations might not cause a release of contaminants. Mr. Vitale testified that the State knew before its cleanup about the cracks in the slab and did not think they were significant.

Plaintiffs assert that they have lost all equity in their property, that no bank will lend money with the property as security and that plaintiffs will never be able to sell the home. However, plaintiffs offered absolutely no evidence to support this contention.

The court concludes that there is no imminent nor substantial endangerment and that there is no necessity for an abatement order. Whatever threat existed prior to the cleanup has been eliminated. No further action is needed now nor may any action ever be needed to abate contamination. Therefore, plaintiffs' motion for reconsideration of the dismissal of the RCRA claim is denied, and the court's order is affirmed.

**IT IS SO ORDERED.**